## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2017, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Frank E. Suggs, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 24, 2017

Court of Appeals Case No.
84A01-1611-CR-2685

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1104-FB-1355

**Vaidik, Chief Judge.**

# Case Summary

Frank E. Suggs, Jr., contends that the trial court abused its discretion in revoking his probation for leaving a sober-living facility. He claims that he only left the facility because it had bed bugs. Because the record shows that the trial court gave Suggs time to find another facility or to qualify for home detention, and five months later Suggs had done neither, we affirm the revocation of his probation.

# Facts and Procedural History

[1] In 2011, Suggs pled guilty to Class B felony criminal confinement, and the trial court sentenced him to sixteen years, with six years executed (as a direct commitment to Vigo County Community Corrections) and ten years suspended to probation. In 2012, the State filed a petition to revoke Suggs's community-corrections placement and probation, and the trial court ordered him to serve the balance of his six-year executed sentence in the Department of Correction (still with ten years of probation).

[2] In February 2016, the State filed another notice of probation violation. Suggs admitted violating his probation, and the trial court ordered him to complete the Vigo County Jail Alcohol and Drug Linkage Program and a ninety-day stay in a sober-living facility.

[3] After completing the jail-linkage program, Suggs entered Freebirds, a sober-living facility, on May 13, 2016. Six days later, Suggs left the facility to attend

his father's funeral and never returned. After his father's funeral, Suggs told his probation officer that there were bed bugs at Freebirds. But Suggs did not tell the director at Freebirds about the bed bugs before leaving.

[4] On May 26, 2016, the State filed a notice of probation violation in which it alleged that Suggs violated his probation because he:

> [F]ailed to successfully complete ninety days at a sober living facility as ordered. Defendant entered Freebirds Solution Center on May 13, 2016 but left said facility on May 19, 2016. Note: defendant's father passed away and defendant did not return after funeral. He has been reporting daily to Adult Probation.

Appellant's App. Vol. II p. 122 (formatting altered). While the notice of probation violation was pending, the trial court gave Suggs a chance to enter another sober-living facility or to qualify for home detention.

[5] Suggs's probation-revocation hearing was held in October 2016. Suggs's probation officer, Diana Frazier, testified that the trial court was "generous" to give Suggs time to get into another facility "but he never . . . entered any" and that the court "also gave him the opportunity to see . . . if he could afford home detention, but he never came up with the money for that either." Tr. Vol. II p. 13. Suggs testified that he tried to get into another facility, but "the majority" were full, one would not let him in because of his criminal record, and "the courts" would not let him go to a facility called "Club Soda." *Id.* at 17, 22. Suggs said although he was working, he could not afford home detention

because he had to pay child support for three of his children. At the conclusion of the hearing, the trial court found that Suggs violated his probation:

> [T]he Court's aware that there was an issue back in May—not only with Freebirds but with . . . Club Soda as well, but those were resolved within about thirty (30) days. We're five (5) months down the road and Mr. Suggs still hasn't done anything. He hasn't gone . . . to a sober living facility in the last five (5) months. I mean, I'm confident, because the amount of hearings we've had with the Chief Probation Officer here that Ms. Frazier has tried to do everything within her powers to try to get Mr. Suggs to comply. She's afforded him multiple opportunities to enroll. She has afforded him alternatives—home detention[.]

*Id.* at 24-25. Accordingly, the court revoked Suggs's probation and sentenced him to two-and-a-half years of his previously suspended sentence in the DOC, one year of formal probation, and the balance to informal probation. *Id.* at 25; Appellant's App. Vol. II p. 132.

[6] Suggs now appeals the revocation of his probation.

# Discussion and Decision

[7] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* The decision to revoke probation lies within the sound discretion of the trial court, and if there is substantial evidence of probative value to support the trial court's decision that

a defendant has violated a term of probation, the reviewing court will affirm its decision to revoke probation. *Id.* at 639-40.

[8] Suggs concedes that he violated his probation. Appellant's Br. p. 7. He argues, however, that his violation does not warrant revocation because of "the unique circumstances he found himself in," i.e., bed bugs at Freebirds. *Id.* at 8. Instead of revoking his probation, he claims that the trial court should have "assist[ed] [him] in finding a different treatment facility that would accept him." *Id.* at 6.

[9] But that is essentially what the trial court did. While the notice of probation violation was pending, the trial court gave Suggs time to find another sober-living facility or to qualify for home detention. This was a "free pass" from the May 2016 bed-bugs situation that Suggs claims forced him to leave Freebirds without first seeking permission to do so. But five months later, Suggs had neither found another sober-living facility nor qualified for home detention. As the trial court recognized, Suggs had substantial help from his probation officer during this time yet still did not take advantage of the court's leniency. We therefore affirm the revocation of Suggs's probation.

[10] Affirmed.

Bailey, J., and Robb, J., concur.